**EDCO WASTE & RECYCLING SERVICES, INC.,** Petitioner

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent**

International Brotherhood of Teamsters, Building Material, Construction, Industrial, Professional and Technical Teamsters, Local 36, Intervenor

No. 00–1528.

United States Court of Appeals, District of Columbia Circuit.

Dec. 6, 2001.

---

Before HARRY T. EDWARDS,
KAREN LECRAFT HENDERSON, and
GARLAND Circuit Judges.

## JUDGMENT

PER CURIAM.

This cause was considered on a petition for review and cross-application for enforcement of an order of the National Labor Relations Board and was briefed by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. *See* D.C. CIR. R. 36(b). On consideration thereof, it is

ORDERED and ADJUDGED that the petition for review is hereby denied, and the Board's cross-application for enforcement is granted.

Prior to a National Labor Relations Board ("NLRB" or "Board") certification election involving petitioner EDCO Waste & Recycling Services, Inc. ("EDCO") and intervenor Building Material, Construction, Industrial, Professional and Technical Teamsters, Local 36, International Brotherhood of Teamsters, AFL–CIO ("the Union"), the parties stipulated to the appropriate bargaining unit. The stipulated bargaining unit agreement included:

> All drivers, helpers, fleet and container maintenance employees, recycling sorters and equipment operators employed by the Employer at its facility located at [facility address]; excluding all other employees, office clerical employees, salesmen, professional employees, guards and supervisors as defined in the [National Labor Relations] Act.

NLRB, *Stipulated Election Agreement* ¶ 13 (Apr. 23, 1999), *reprinted in* Appendix 3. The election produced 88 votes for the Union, 86 votes for EDCO and five ballots that were challenged by the Union. If the challenged ballots had been counted, EDCO would have defeated the Union. The parties later stipulated that one of the challenges be sustained for reasons unrelated to this case. After a week-long hearing and a great deal of testimony and evidence, a NLRB Hearing Officer determined that three of the challenged employees were excluded from the stipulated bargaining unit. A fourth employee, whose ballot is no longer at issue, was found to be a supervisor within the meaning of the National Labor Relations Act. The three

disputed employees' positions (one was EDCO's "weighmaster" and two were "working foremen" in the recycling department) were not among those listed in the stipulated bargaining unit. The Board adopted the findings and recommendations of the Hearing Officer sustaining the Union's challenges to the three disputed employees' ballots. When EDCO refused to bargain with the Union, unfair labor practice proceedings ensued, and the Board ordered EDCO to bargain with the Union.

■ In its petition for review, EDCO argues that the Board should have held another evidentiary hearing before an administrative law judge to determine whether the disputed employees were included within the stipulated bargaining unit. This claim lacks merit. First, the bargaining unit description to which the parties stipulated is unambiguous. It clearly lists a number of jobs, all of which are quite different in function, informal job title, salary, and working conditions from the jobs held by the three challenged employees. Second, even if the unit description were ambiguous, there would be no need for an additional evidentiary hearing to determine its meaning. An ample and extensive record, comprising more than 1,000 pages, has already been compiled by the Hearing Officer and is part of the record considered by the Board and this court. It is easy to determine, on the eight-volume record already available, exactly what the unit stipulation meant.

■ EDCO raises a number of arguments to try to overcome the language of the stipulation, which clearly excludes the foremen and weighmaster. EDCO argues that the stipulation violates Board policy, that two of the employees were both foremen *and* sorters or equipment operators, and that the Board should have considered subjective, after-the-fact testimony from members of management that they "be-

lieved" the employees to be included in the unit. Each of these arguments fails, and none is sufficient to overcome the fact that the unit description to which the parties stipulated, either on its own terms or when interpreted with reference to the lengthy record, clearly excludes the three challenged employees. *See Associated Milk Producers, Inc. v. NLRB*, 193 F.3d 539, 543 (D.C.Cir.1999) (holding that when a stipulated bargaining unit description is lawful and unambiguous, the Board must simply enforce the agreement). For these reasons, the Board's decision and order were fully justified. It is

FURTHER ORDERED that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing *en banc*. *See* D.C. CIR. R. 41(a)(1). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.